1  MICHAEL D. GREEN, ESQ., SBN 214142
   mgreen@abbeylaw.com
2  BRIAN G. LANCE, ESQ., SBN 300227
   blance@abbeylaw.com
3  ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
   100 Stony Point Road, Suite 200
4  P.O. Box 1566
   Santa Rosa, CA  95402-1566
5  Telephone:  707-542-5050
   Facsimile  :  707-542-2589
6

7  Attorneys for Plaintiff Jeremy Harkins

8       UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

9

10 JEREMY HARKINS                        )  Case No.:
                                         )
11             Plaintiff,                )  **COMPLAINT FOR DAMAGES**
                                         )
12      v.                               )  **[WITH DEMAND FOR JURY TRIAL]**
                                         )
13 SUTTER COUNTY; SUTTER COUNTY'S        )
   SHERRIFF DEPARTMENT;                  )
14 CALIFORNIA FORENSICS MEDICAL          )
   GROUP; TAYLOR FITHIAN, M.D.;          )
15 DORIS BROWN, FNP; SHERILL             )
   McGUIRE, RN; LISA ROGERS, RN;         )
16 SHERIFF BRANDON BARNES;               )
   CAPTAIN DAN BUTTLER; SERGEANT         )
17 HERNANDEZ; SERGEANT GARCIA;           )
   SERGEANT EATON; OFFICER E.            )
18 BROOKS; OFFICER OLSON, OFFICER        )
   SANTOS; OFFICER WEATHERUP;            )
19 WELLPATH MANAGEMENT, INC.;            )
   THOMAS PANGBURN, M.D. and DOES        )
20 1-50;                                 )
                                         )
21             Defendants.               )
   _____       )

22

23            **JURISDICTION/VENUE/GOVERNMENT CLAIM**

24      1.   Plaintiff JEREMY HARKINS ("Plaintiff") alleges violations of his Constitutional rights.

25 Plaintiff states claims under 42 U.S. Code Section 1983, 42 U.S. Code Section 1988, 42 U.S.

26 Code Section 12132, and other California statutory/common law identified herein.

27      2.   Jurisdiction is conferred upon the United States District Court by 42 U.S. Code Sections

28

                                  -1-
                         **COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1331 and 1343.  The United States District Court also has supplemental jurisdiction over the

California state law claims alleged herein pursuant to 28 U.S. Code Section 1367 as the California

state law claims arise from the same series of events and occurrences as those claims arising

under federal law.

3.    Venue is proper in the United States District Court, Eastern District of California, under

42 U.S. Code Section 1391(b), as the events giving rise to liability occurred in Sutter County,

California.

4.    Defendant County of Sutter ("COUNTY") is, and at all relevant times alleged herein

was, a public entity duly organized and existing under the laws of the State of California.  A

written claim for damages setting forth the matters alleged herein was duly and regularly

presented to the COUNTY on July 29, 2019.  Said presentation, and filing, was in compliance

with the appropriate sections of the California Government Code.  COUNTY rejected the claim

on or about September 13, 2019.  This action is, thus, timely filed within the provisions of the

California Government Code with respect to those causes of action that require that such a claim

be made.

5.    Plaintiff hereby demands a jury trial in this action.

## IDENTIFICATION OF PLAINTIFF

6.    Plaintiff was in the custody of the COUNTY, at the Sutter County Jail ("JAIL"), from

February 11, 2019 through March 17, 2019.  While incarcerated, Plaintiff developed an ear

infection.  The Sutter County Sheriff's Department and California Forensics Medical Group were

deliberately indifferent to Plaintiff's serious medical needs and thus he was provided with grossly

inadequate medical treatment at the JAIL and he was never sent to the hospital which resulted in

the infection spreading to his brain and skull.  The injury caused severe, permanent damages to

Plaintiff.

## IDENTIFICATION OF DEFENDANTS

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

7.    COUNTY is, and at all relevant times alleged herein was, responsible for overseeing the JAIL, the Sutter County Sheriff's Office, Sutter County Sheriff BRANDON BARNES ("BARNES"), Sutter County Sheriff's Captain Dan Buttler ("BUTTLER") Sutter County Sheriff's deputies/correctional officers and other agents/employees/ contracted entities of COUNTY, employees/agents of contracted entities of COUNTY including, without limitation, CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG") and CFMG employees/agents including, but not limited to, CFMG doctors/nurses/other staff.  COUNTY is liable for the intentional, reckless, and negligent acts of all of the aforementioned parties, personnel, and entities as described herein.  COUNTY is, and at all relevant times alleged herein was, responsible for providing medical/mental health care at the JAIL.

8.    Defendant BARNES is, and at all relevant times alleged herein was, Sheriff for the COUNTY.  Defendant BUTTLER is, and all relevant times herein was, the Sheriff's Captain in charge of the JAIL.  In committing the acts and omissions alleged herein BARNES and BUTTLER were acting under color of law and within the course and scope of their employment as Sheriff and Sheriff's Captain in charge of the JAIL, for the COUNTY.  BARNES and BUTTLER are, and at all relevant times were, officials with final authority regarding policies, customs, and/or procedures at the JAIL and with final authority regarding the hiring, training, screening, supervision, discipline, retention, counseling, and control of COUNTY Sheriff's deputies/correctional officers, other COUNTY employees/agents at the JAIL, contracted entities of COUNTY and the JAIL, and employees/agents of contracted entities of COUNTY at the JAIL including, but not limited to, CFMG and CFMG employees/agents.  Defendants BARNES and BUTTLER are being sued in their individual and official capacities.

9.    Defendant SERGEANT HERNANDEZ ("HERNANDEZ") is, and at all relevant times alleged herein was, a correctional officer/supervisor employed by the COUNTY working at the JAIL.  In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY.  Defendant is being sued in both individual and official capacities.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

10.   Defendant SERGEANT GARCIA ("GARCIA") is, and at all relevant times alleged herein was, a correctional officer/supervisor employed by the COUNTY working at the JAIL.  In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY.  Defendant is being sued in both individual and official capacities.

11.   Defendant SERGEANT EATON ("EATON") is, and at all relevant times alleged herein was, a correctional officer/supervisor employed by COUNTY working at the JAIL.  In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY.  Defendant is being sued in both individual and official capacities.

12.   Defendant OFFICER E. BROOKS is, and at all relevant times alleged herein was, a correctional officer employed by the COUNTY working at the JAIL.  In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY.  Defendant is being sued in both individual and official capacities.

13.   Defendant OFFICER OLSON is, and at all relevant times alleged herein was a correctional officer employed by the COUNTY working at the JAIL.  In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY.  Defendant is being sued in both individual and official capacities.

14.   Defendant OFFICER SANTOS is, and at all relevant times alleged herein was a correctional officer employed by the COUNTY working at the JAIL.  In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY.  Defendant is being sued in both individual and official capacities.

15.   Defendant OFFICER WEATHERUP is, an at all relevant times alleged herein was a correctional officer employed by the COUNTY working at the JAIL.  In committing the acts and

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-4-

**COMPLAINT FOR DAMAGES**

1  omissions alleged herein defendant was acting under color of law and within the course and scope

2  of employment for the COUNTY.  Defendant is being sued in both individual and official

3  capacities.

4      16.   Defendant CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG") is a subsidiary

5  of Defendant WELLPATH MANAGEMENT, INC. ("WELLPATH").

6      17.   Defendants CFMG/WELLPATH are, and at all relevant times alleged herein were, a

7  corporations organized and existing under the laws of the State of California.  CFMG

8  /WELLPATH have, and at all relevant times alleged herein had, a contract with COUNTY to

9  provide mental health, medical, and psychiatric services for inmates at the JAIL.

10  CFMG/WELLPATH are, and at all relevant times alleged herein were, responsible for providing

11  medical/mental health care at the JAIL.  At all relevant times alleged herein CFMG/WELLPATH

12  and their employees/agents were acting under color of state law.

13      18.   Defendant CFMG/WELLPATH employees/agents DORIS BROWN ("BROWN"),

14  SHERILL McGUIRE ("McGUIRE"), and LISA ROGERS (ROGERS) are, and at all relevant

15  times alleged herein were, employees/agents of CFMG/WELLPATH working at the JAIL for

16  CFMG/WELLPATH and COUNTY.  These defendants, as employees/agents of

17  CFMG/WELLPATH, working at JAIL, were acting under color of law and under contract with

18  the COUNTY.

19      19.   Defendant DR. TAYLOR FITHIAN ("FITHIAN") is, and at all relevant times alleged

20  herein was, the President and Medical Director of CFMG.  In committing the acts and omissions

21  alleged herein FITHIAN was acting under color of law, as the head of the COUNTY's contracted

22  medical/mental health provider at the JAIL, and within the course and scope of his employment

23  as President and Medical Director of CFMG.  FITHIAN is, and at all relevant times was, an

24  official with final authority regarding policies, customs, and/or procedures at the JAIL and with

25  final authority regarding the hiring, training, screening, supervision, discipline, retention,

26  counseling, and control of CFMG employees/agents, acting under color of law, at the JAIL.

27  Defendant FITHIAN is being sued in his individual and official capacities.

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-5-

**COMPLAINT FOR DAMAGES**

20.    Defendant DR. THOMAS PANGBURN ("PANGBURN") is, and at all relevant times alleged herein was, the Chief Clinical Officer of WELLPATH.  In committing the acts and omissions alleged herein PANGBURN was acting under color of law, as Chief Clinical Officer of the COUNTY's contracted medical/mental health provider at the JAIL, and within the course and scope of his employment as Chief Clinical Officer of WELLPATH.  PANGBURN is, and at all relevant times was, an official with final authority regarding policies, customs, and/or procedures at the JAIL and with final authority regarding the hiring, training, screening, supervision, discipline, retention, counseling, and control of WELLPATH employees/agents, acting under color of law, at the JAIL.  Defendant PANGBURN is being sued in his individual and official capacities.

21.    Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 50 and therefore sue these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each defendant so names is responsible in some manner for the injuries and damages suffered by Plaintiff as described in this complaint.  Plaintiff will amend their Complaint to state the true names and capacities of defendants DOES 1 through 50 when they have been ascertained.  Any reference in this Complaint to any named entity defendant, any individually named defendant, the terms "defendant," defendants," "Defendant," and/or "Defendants" also refers to defendants DOES 1 through 50.

22.    At all times mentioned in this Complaint each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants, and, in doing the things alleged in this Complaint, was acting within the course and scope of this agency or employment.

23.    In committing the acts and/or omissions alleged herein defendants, including DOES, acted under color of authority and under color of law.  Plaintiff sues all parties named as defendants in this Complaint in both their individual and official capacities.

## FACTS LEADING TO PLAINTIFF'S INJURIES

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

24.   On February 11, 2019, Plaintiff was arrested and incarcerated at the JAIL.

25.   On February 26, 2019, Plaintiff filled out a request for medical attention to CFMG/WELLPATH stating he had a major ear infection with "throbbing and pressure." COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same resulting in severe injury to Plaintiff.

26.   On or about February 27, 2019, Plaintiff was complaining of a severe ear infection. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same resulting in severe injury to Plaintiff.

27.   On February 27, 2019, Plaintiff filled out a Sutter County Jail Inmate Request Form stating he needed medical attention as soon as possible.  Plaintiff stated he had a bad infection in his ear, and the pain was in his temple radiating down to his neck.  This report was received by Officer BROOKS. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same.

28.   On February 28, 2019, Plaintiff was seen by BROWN for a medical assessment. Plaintiff was grimacing and crying with extreme pain in his right ear.  Plaintiff was placed in a sobering cell and was observed by GARCIA. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ,

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

1    GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should

2    have been aware of, the aforestated information but were deliberately indifferent to same.

3        29.    On March 1, 2019, Plaintiff saw BROWN.  Plaintiff was crying due to the severe pain in

4    his ear.  Plaintiff informed BROWN that his doctor informed him that he needed to have his

5    tonsils and adenoids removed, and Plaintiff asked BROWN to take him to the hospital to do so.

6    COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH,

7    including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS,

8    BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS,

9    WEATHERUP and DOES were aware of, or should have been aware of, the aforestated

10   information but were deliberately indifferent to same.

11       30.    On March 2, 2019, Plaintiff filled out a Request for Medical Attention form, informing

12   Defendants of his serious condition. Plaintiff stated he needed to have medication every four to

13   six hours as need to keep the inflammation down.  Plaintiff stated that he had pain and throbbing

14   in his ear because his ear canal would swell closed and trap the infection behind the ear drum.

15   Plaintiff stated the inflammation would cause his ear drum to erupt and even possibly cause

16   Plaintiff to go deaf due to the pressure not being released. COUNTY/CFMG/WELLPATH, and

17   employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN,

18   PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ,

19   GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should

20   have been aware of, the aforestated information but were deliberately indifferent to same.

21       31.    On March 3, 2019, Plaintiff's girlfriend called CFMG/WELLPATH to inform

22   CFMG/WELLPATH of Plaintiff's serious medical condition.  A note was created for Plaintiff's

23   file directed to Medical Staff and CFMG/WELLPATH. COUNTY/CFMG/WELLPATH, and

24   employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN,

25   PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ,

26   GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should

27   have been aware of, the aforested information but were deliberately indifferent to same

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

32.     On March 4, 2019, Plaintiff filed a Sutter County Jail Inmate Grievance stating that he had a chronic ear ache since February 26. He noted he was in terrible pain, and he had only been given two ibuprofen in 24 hours.  Plaintiff stated he kept asking for help, but no one would help him.  Plaintiff stated he was awake all night with pain. BROOKS received the complaint. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforested information but were deliberately indifferent to same.

33.     On March 4, 2019, a lab report was given to CFMG/WELLPATH and BROWN, informing them that Plaintiff had multiple infections in his ear. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same.

34.     On March 6, 2019, Plaintiff filled out a Sutter County Jail Inmate Grievance Form stating that he needed help for his ear. The intake supervisor was HERNANDEZ. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same.

35.     On March 7, 2019, Plaintiff was seen by BROWN.  On examination, Plaintiff had severe yellow, foul smelling drainage from his right ear, and Plaintiff stated he noticed the discharge on his bed sheets in the morning. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN,

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-9-

**COMPLAINT FOR DAMAGES**

1   PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ,

2   GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should

3   have been aware of, the aforestated information but were deliberately indifferent to same.

4        36.   On March 11, 2019, Plaintiff filled out another Request for Medical Attention Form

5   requesting medical care for his ear. COUNTY/CFMG/WELLPATH, and employees/agents of

6   COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN,

7   BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS,

8   OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the

9   aforestated information but were deliberately indifferent to same.

10       37.   Defendants were deliberately indifferent to Plaintiff's serious medical needs and as a

11   result, he was provided with grossly inadequate medical care.

12       38.   Despite repeated complaints and grievances to defendants, Plaintiff's symptoms and

13   severe infection went untreated.

14       39.   On or about March 17, 2019, Plaintiff informed WEATHERUP that he had serious

15   medical issues, and could not get out of bed as he was freezing, hyperventilating, and needed to

16   go to the hospital.  OLSON, WEATHERUP, SANTOS and McGUIRE observed Plaintiff in

17   serious pain and distress.  OLSON, WEATHERUP, and SANTOS cited Plaintiff for a major rule

18   violation for "interfering with jail ops, unmade bed, and wrong bed" and recommended Plaintiff

19   lose rights to three visits. COUNTY/CFMG/WELLPPATH, and employees/agents of

20   COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN,

21   BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS,

22   OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the

23   aforestated information but were deliberately indifferent to same.

24       40.   On March 17, 2019, Plaintiff informed CFMG/WELLPATH and ROGERS that he was

25   blind and had been blind for the last three days.  Plaintiff had to be guided to the medical

26   department by another inmate because he could not see.  Plaintiff was transferred to an individual

27   sobering cell and would sway as if he were going to fall but would catch himself before he fell.

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

Later that day, Plaintiff was seen sliding to the floor.  ROGERS responded and found Plaintiff on his back not verbally responsive.  Plaintiff was also observed by EATON. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same.

41.   Plaintiff was transferred via ambulance to the local emergency room where it was determined Plaintiff's infection had spread to his brain and skull.

42.   Plaintiff sustained severe, permanent damages as a result of this injury.

43.   From February 26, 2019 to March 17, 2019, Plaintiff repeatedly asked COUNTY, Officers OLSON, WEATHERUP, SANTOS, and BROOKS and Sergeants HERNANDEZ, EATON, and GARCIA for medical care. COUNTY, OLSON, WEATHERUP, SANTOS, BROOKS, HERNANDEZ, EATON, and GARCIA knew that Plaintiff was in extreme pain, but refused Plaintiff's requests. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same.

44.   From February 26, 2019 to March 17, 2019, Plaintiff also repeatedly asked CFMG/WELLPATH, BROWN, MCGUIRE, and ROGERS for medical care. CFMG/WELLPATH, BROWN, MCGUIRE, and ROGERS knew that Plaintiff was in extreme pain, but refused Plaintiff's requests. COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-11-

**COMPLAINT FOR DAMAGES**

45.     From February 26, 2019 to March 17, 2019, Plaintiff was crying, grimacing, tearful, lethargic, pleading for help, and seriously ill on an ongoing basis. This was witnessed by, and known to, COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES.

46.     It was known by COUNTY/CFMG/WELLPATH, and employees/agents of COUNTY/CFMG/WELLPATH, including, but not limited to, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, BARNES, BUTTLER, HERNANDEZ, GARCIA, BROOKS, OLSON, SANTOS, WEATHERUP and DOES that Plaintiff was suffering from a serious medical condition from February 26, 2019 to March 17, 2019. Plaintiff was refused medical care by COUNTY/CFMG/WELLPATH again and again. His cries for help were ignored, and Plaintiff suffered severe and permanent injuries as a result of Defendants' continued refusal to provide access to treatment.

47.     Additionally, COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN, BARNES and DOES maintained policies, customs, and/or de facto informal customs, and/or practices of permitting, ignoring, and condoning the following at the JAIL (which individually and collectively resulted in Constitutional violations at the JAIL, with respect to the delivery of medical care to detainees, including Plaintiff, and which proximately caused the Plaintiff's severe injuries: (1) delaying and failing to respond with adequate medical assistance when needed and requested; (2) failing to properly observe and treat detainees/inmates with medical conditions; (3) failing to adequately provide ongoing medical screenings and evaluations to persons with medical conditions; (4) failing to make timely referral for medical treatment when needed; (5) failing  to institute treatment plans for those persons at the JAIL with medical needs; (6) failing to prescribe, administer, and deliver medications and failing to provide necessary prescribed medications; (7) failing to complete adequate medical record keeping; (8) failing to have adequate medical staffing (in both amount and types of providers); (9) failing to have adequate communication between

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

medical and custodial staff regarding medical treatment/care; (10) failing to have adequate supervision of inmates; (11) refusing access and delivery of medical health care to inmates; (12) failing to periodically monitor inmates/detainees with serious medical health conditions; (13) failing to comply with statutory guidelines, mandates and duties enacted for the protection of individuals with medical needs at the JAIL; (14) failing to supervise, report, investigate, and reprimand officers, aides, and medical care providers that engage in wrongful conduct including, but not limited to, taunting inmates and failing to provide/request medical treatment when indicated; (15) failing to screen inmates for mental illness; (16) failing to provide and follow written procedures for ensuring access to medical care treatment by qualified professionals; (17) providing inadequately trained and credentialed medical staff at the JAIL, such as Licensed Vocational Nurses who have no ability/authority to provide medical care/treatment/medication to detainees, instead of providing nurses/doctors and, further, having said unqualified/underqualified personnel perform tasks that go beyond their licensure; (18) failing to respond to "sick call slips" and medical grievances when submitted; (19) failing to provide adequate number of personnel/training to personnel tasked with responding to "sick call slips" and medical grievances; (20) failing to appropriately refer JAIL detainees who exhibit symptoms of medical illness during encounters with custody/medical staff to outside (or inside) medical providers; (21) failing to transfer JAIL detainees with recognized severe medical illness, like Plaintiff, to facilities that can provide adequate medical care; (22) isolating and punishing persons with illness by placing them in segregation instead of providing them with medical care.

48. Plaintiff, additionally, alleges Defendants COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN,  BARNES and DOES maintained policies, customs, or practices of understaffing the JAIL with custody and medical personnel resulting in a failure to properly monitor inmates particularly where, as with Plaintiff, a medical condition was known/recognized but left untreated.

///

///

///

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**FIRST CAUSE OF ACTION**
**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF PLAINTIFF AND FAILURE TO PROTECT HIM FROM HARM)**
**(AGAINST ALL DEFENDANTS INCLUDING DOES)**

49.   Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint (above and below) as though fully set forth herein.

50.   Plaintiff had serious medical needs at all relevant times alleged in this Complaint.

51.   Defendants, including DOES, were, at all relevant times alleged herein, acting under color of law and within the course and scope of their official duties/employment for the COUNTY, and/or CFMG, and/or WELLPATH at the JAIL.  Plaintiff, at all relevant times alleged herein, was in the custody of COUNTY, and/or CFMG, and/or WELLPATH at the JAIL.  CFMG, and/or WELLPATH at all relevant times, was under contract with the COUNTY to provide medical services to detainees, like Plaintiff, at the JAIL.

52.   By reason of the specific actions and inactions of defendants, including DOES, as detailed above, defendants violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, those rights provided to Plaintiff in the Fourteenth Amendment to the United States Constitution including, but not limited to, Plaintiff's right to Constitutionally adequate medical care while at the JAIL and Plaintiff's right to be protected from unnecessary pain/suffering/harm while at the JAIL.

53.   Defendants, including DOES, as provided in-detail above, were deliberately indifferent to Plaintiff's serious medical needs while he was at the JAIL and were deliberately indifferent in failing to protect Plaintiff from unnecessary harm/pain/suffering at the JAIL.  Defendants, and each of them, ignored Plaintiff's serious medical needs, failed/refused to provide Plaintiff access to, and delivery of, medical evaluations, interventions, care, treatment, and, further, failed to intervene to prevent Plaintiff's severe and permanent injury and disability.

54.   As a direct and proximate result of defendant's deliberate indifference to Plaintiff's serious medical needs, as detailed above, Plaintiff's serious, but treatable, medical condition went untreated.  Rather than being provided the treatment he needed Plaintiff's infection spread.  This

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1  caused Plaintiff to suffer cruel and unusual punishment, and both physical pain and mental

2  anguish, in violation of Plaintiff's Fourteenth Amendment rights, as detainee, and, ultimately,

3  resulted in severe personal injury to Plaintiff.

4      55.    Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable

5  attorneys' fees and costs on this cause of action.

6      56.    Each defendant, including DOES, acted intentionally, recklessly, and/or with callous

7  indifference to Plaintiff's serious medical needs and to Plaintiff's Constitutional rights.  As such,

8  defendants should be assessed punitive damages on this cause of action.

9

**SECOND CAUSE OF ACTION**

10

**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- INADEQUATE**

11

**POLICIES, CUSTOMS, AND/OR PRACTICES RESULTING IN DEPRIVATION OF**
**MEDICAL CARE TO PLAINTIFF AND FAILURE TO PROTECT PLAINTIFF FROM**

12

**HARM)**
**(AGAINST DEFENDANTS COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN,**

13

**BARNES, AND DOES ONLY)**

14      57.    Plaintiff realleges and incorporates by reference all paragraphs alleged in this Complaint

15  (above and below) as though fully set forth herein.

16      58.    Defendants COUNTY, CFMG, and WELLPATH had inadequate policies, customs,

17  and/or practices with respect to providing medical care to detainees at the JAIL, and with respect

18  to protecting detainees like Plaintiff from unnecessary harm/pain/suffering while at the JAIL,

19  including, but not limited to, as listed above in this Complaint.

20      59.    BANRES is, and at all relevant times was, the Sheriff for the COUNTY and the

21  COUNTY official with final policy/decision-making authority with respect to the provision of

22  medical/mental health care at the JAIL.  FITHIAN is, and at all relevant times was, the

23  President/Medical Director of CFMG and the CFMG official charged with final policy/decision-

24  making authority, in conjunction with BARNES and COUNTY, regarding the provision of

25  medical/mental health care at the JAIL.  PANGBURN is, and at all relevant times was, the Chief

26  Clinical Officer of WELLPATH and the WELLPATH official charged with final policy/decision

27  making authority, in conjunction with BARNES, COUNTY, and CFMG regarding the provision

28

-15-

**COMPLAINT FOR DAMAGES**

of medical/mental health care at the JAIL.

60.   By reason of the actions and inactions of defendants, as detailed above, defendants, including DOES, violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, Plaintiff's Fourteenth Amendment right to Constitutionally adequate medical health care while at the JAIL and Plaintiff's Constitutional right to be protected from unnecessary pain/suffering/harm while at the JAIL.

61.   CFMG and FITHIAN have a history of failing to provide even minimally adequate medical care to prisoners at the JAIL and, generally, at jails/facilities around the State of California where CFMG is the medical provider.  This has resulted in numerous civil rights lawsuits against CFMG and FITHIAN many of which are currently ongoing.  CFMG and FITHIAN's substandard and Constitutionally deplorable care is provided, at least in part, due to the fact that CFMG charges a flat rate for medical care at the JAIL to COUNTY (per prisoner, per day) which incentivizes FITHIAN and CFMG to provide the most minimal care possible at the JAIL so as to maximize profit for CFMG.

62.   As a direct and proximate result of the above-described policies, customs, and/or practices Plaintiff's serious, but treatable, medical condition went untreated.  This caused Plaintiff to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of his Fourteenth Amendment rights and, ultimately, resulted in severe personal injury at the JAIL. The defendants identified in this cause of action, including DOES, knew that the policies, customs, and/or practices were inadequate but, despite this, defendants were deliberately indifferent to the serious risk posed by same.  Accordingly, these defendants, including DOES, in doing the above-described actions/inactions, were deliberately indifferent to Plaintiff's serious medical needs.

63.   Plaintiff seeks damages for the pain and suffering caused at the JAIL, the physical injuries, pain, emotional anguish, and trauma.

64.   Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable attorneys' fees and costs on this cause of action.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

65.     Each defendant, including DOES, acted intentionally, recklessly, and/or with callous indifference to Plaintiff's serious medical needs and to Plaintiff's Constitutional rights.  As such, defendants should be assessed punitive damages on this cause of action.

### THIRD CAUSE OF ACTION
**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- FAILURE TO TRAIN/SUPERVISE RESULTING IN DEPRIVATION OF MEDICAL CARE TO PLAINTIFF AND FAILURE TO PROTECT PLAINTIFF FROM HARM) (AGAINST DEFENDANTS COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN, BARNES AND DOES ONLY)**

66.     Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint (above and below) as though fully set forth herein.

67.     Defendants COUNTY, CFMG and WELLPATH had inadequate training/supervision, or no training/supervision at all, at the JAIL to assure that employees/agents provided proper medical care to prisoners, like Plaintiff, and to assure that employees/agents protect prisoners, like Plaintiff, from harm.

68.     COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN and BARNES were aware, or should have been aware, that employees/agents were not adequately trained/supervised to: (1) provide timely access to and delivery of medical care to prisoners when needed and requested; and (2) transport sick individuals to approved facilities for treatment and assessment when necessary.

69.     BARNES is, and at all relevant times was, the Sheriff for the COUNTY and the COUNTY official with final policy/decision-making authority with respect to the provision of medical care at the JAIL and training/supervision of employees/agents at the JAIL.  FITHIAN is, and at all relevant times was, the President/Medical Director of CFMG and the CFMG official charged with final policy/decision-making authority, in conjunction with BARNES and COUNTY, regarding the provision of medical/mental health care at the JAIL and training/supervision of employees/agents at the JAIL.  PANGBURN is, and at all relevant times was the Chief Clinical Director of WELLPATH and an official charged with final policy/decision-making authority, in conjunction with FITHIAN, BARNES and COUNTY,

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1  regarding the provision of medical care at the JAIL and training/supervision of employees/agents

2  at the JAIL.

3      70.    By reason of the actions and inactions of defendants, as detailed above, defendants

4  violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to,

5  Plaintiff's Fourteenth Amendment right to Constitutionally adequate medical care while at the

6  JAIL and Plaintiff's Constitutional right to be protected from unnecessary pain/suffering/harm

7  while at the JAIL.

8      71.    CFMG and FITHIAN have a history of failing to provide even minimally adequate

9  medical/mental health care to prisoners at not just the JAIL but also at jails/facilities around the

10  State of California where CFMG is the jail medical provider.  This has resulted in numerous civil

11  rights lawsuits against CFMG and FITHIAN.  CFMG and FITHIAN's substandard and

12  Constitutionally deplorable care is provided, at least in part, due to the fact that CFMG charges a

13  flat rate for medical care at the JAIL (per prisoner, per day) which incentivizes FITHIAN and

14  CFMG to provide the most minimal care possible at the JAIL so as to maximize profit for

15  FITHIAN and CFMG.

16      72.    As a direct and proximate result of the above-described training/supervision Plaintiff's

17  serious, but treatable, medical condition went untreated.  This caused Plaintiff to suffer cruel and

18  unusual punishment, and both physical pain and mental anguish, in violation of his Fourteenth

19  Amendment rights and, ultimately, resulted in severe and permanent injury to Plaintiff.

20  Defendants, including DOES, knew that the policies, customs, and/or practices were inadequate

21  but, despite this, Defendants were deliberately indifferent to the serious risk posed by same.

22  Accordingly, Defendants, in doing the above-described actions/inactions, were deliberately

23  indifferent to Plaintiff's serious medical needs.

24      73.    Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable

25  attorneys' fees and costs on this cause of action.

26      74.    Each defendant, including DOES, acted intentionally, recklessly, and/or with callous

27  indifference to Plaintiff's serious medical needs, and to Plaintiff's, Constitutional rights.  As such,

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

defendants should be assessed punitive damages on this cause of action.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF 42 U.S. CODE § 1983- EIGTH AMENDMENT- DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF PLAINTIFF AND FAILURE TO PROTECT HIM FROM HARM)
### (AGAINST ALL DEFENDANTS INCLUDING DOES)

75. Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint (above and below) as though fully set forth herein.

76.   Plaintiff had serious medical needs at all relevant times alleged in this Complaint.

77.   Defendants, including DOES, were, at all relevant times alleged herein, acting under color of law and within the course and scope of their official duties/employment for the COUNTY, and/or CFMG, and/or WELLPATH at the JAIL.  Plaintiff, at all relevant times alleged herein, was in the custody of COUNTY, and/or CFMG, and/or WELLPATH at the JAIL. CFMG, and/or WELLPATH at all relevant times, was under contract with the COUNTY to provide medical services to prisoners, like Plaintiff, at the JAIL.

78.   By reason of the specific actions and inactions of defendants, including DOES, as detailed above, defendants violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, those rights provided to Plaintiff in the Eighth Amendment to the United States Constitution including, but not limited to, Plaintiff's right to Constitutionally adequate medical care while at the JAIL and Plaintiff's right to be protected from unnecessary pain/suffering/harm while at the JAIL.

79.   Defendants, including DOES, as provided in-detail above, were deliberately indifferent to Plaintiff's serious medical needs while he was at the JAIL and were deliberately indifferent in failing to protect Plaintiff from unnecessary harm/pain/suffering at the JAIL.  Defendants, and each of them, ignored Plaintiff's serious medical needs, failed/refused to provide Plaintiff access to, and delivery of, medical evaluations, interventions, care, treatment, and, further, failed to intervene to prevent Plaintiff's severe and permanent injury and disability.

80.   As a direct and proximate result of defendant's deliberate indifference to Plaintiff's serious medical needs, as detailed above, Plaintiff's serious, but treatable, medical condition went

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1   untreated.  Rather than being provided the treatment he needed Plaintiff's infection spread.  This

2   caused Plaintiff to suffer cruel and unusual punishment, and both physical pain and mental

3   anguish, in violation of Plaintiff's Eighth Amendment rights, and ultimately, resulted in severe

4   personal injury to Plaintiff.

5       81.   Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable

6   attorneys' fees and costs on this cause of action.

7       82.   Each defendant, including DOES, acted intentionally, recklessly, and/or with callous

8   indifference to Plaintiff's serious medical needs and to Plaintiff's Constitutional rights.  As such,

9   defendants should be assessed punitive damages on this cause of action.

### FIFTH CAUSE OF ACTION
**(VIOLATION OF 42 U.S. CODE § 1983- EIGHTH AMENDMENT- INADEQUATE POLICIES, CUSTOMS, AND/OR PRACTICES RESULTING IN DEPRIVATION OF MEDICAL CARE TO PLAINTIFF AND FAILURE TO PROTECT PLAINTIFF FROM HARM)**
**(AGAINST DEFENDANTS COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN, BARNES, AND DOES ONLY)**

15   83. Plaintiff realleges and incorporates by reference all paragraphs alleged in this Complaint

16   (above and below) as though fully set forth herein.

17       84.   Defendants COUNTY, CFMG, and WELLPATH had inadequate policies, customs,

18   and/or practices with respect to providing medical care to prisoners at the JAIL, and with respect

19   to protecting prisoners like Plaintiff from unnecessary harm/pain/suffering while at the JAIL,

20   including, but not limited to, as listed above in this Complaint.

21       85.   BANRES is, and at all relevant times was, the Sheriff for the COUNTY and the

22   COUNTY official with final policy/decision-making authority with respect to the provision of

23   medical/mental health care at the JAIL.  FITHIAN is, and at all relevant times was, the

24   President/Medical Director of CFMG and the CFMG official charged with final policy/decision-

25   making authority, in conjunction with BARNES and COUNTY, regarding the provision of

26   medical/mental health care at the JAIL.  PANGBURN is, and at all relevant times was, the Chief

27   Clinical Officer of WELLPATH and the WELLPATH official charged with final policy/decision

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

making authority, in conjunction with BARNES, COUNTY, and CFMG regarding the provision of medical/mental health care at the JAIL.

86.   By reason of the actions and inactions of defendants, as detailed above, defendants, including DOES, violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, Plaintiff's Fourteenth Amendment right to Constitutionally adequate medical health care while at the JAIL and Plaintiff's Constitutional right to be protected from unnecessary pain/suffering/harm while at the JAIL.

87.   CFMG and FITHIAN have a history of failing to provide even minimally adequate medical care to prisoners at the JAIL and, generally, at jails/facilities around the State of California where CFMG is the medical provider.  This has resulted in numerous civil rights lawsuits against CFMG and FITHIAN many of which are currently ongoing.  CFMG and FITHIAN's substandard and Constitutionally deplorable care is provided, at least in part, due to the fact that CFMG charges a flat rate for medical care at the JAIL to COUNTY (per prisoner, per day) which incentivizes FITHIAN and CFMG to provide the most minimal care possible at the JAIL so as to maximize profit for CFMG.

88.   As a direct and proximate result of the above-described policies, customs, and/or practices Plaintiff's serious, but treatable, medical condition went untreated.  This caused Plaintiff to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of his Eighth Amendment rights and, ultimately, resulted in severe personal injury at the JAIL.  The defendants identified in this cause of action, including DOES, knew that the policies, customs, and/or practices were inadequate but, despite this, defendants were deliberately indifferent to the serious risk posed by same.  Accordingly, these defendants, including DOES, in doing the above-described actions/inactions, were deliberately indifferent to Plaintiff's serious medical needs.

89.   Plaintiff seeks damages for the pain and suffering caused at the JAIL, the physical injuries, pain, emotional anguish, and trauma.

90.   Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable attorneys' fees and costs on this cause of action.

**COMPLAINT FOR DAMAGES**

1    91.    Each defendant, including DOES, acted intentionally, recklessly, and/or with callous

2    indifference to Plaintiff's serious medical needs and to Plaintiff's Constitutional rights.  As such,

3    defendants should be assessed punitive damages on this cause of action.

### SIXTH CAUSE OF ACTION
**(VIOLATION OF 42 U.S. CODE § 1983- EIGHTH AMENDMENT- FAILURE TO
TRAIN/SUPERVISE RESULTING IN DEPRIVATION OF MEDICAL CARE TO
PLAINTIFF AND FAILURE TO PROTECT PLAINTIFF FROM HARM)
(AGAINST DEFENDANTS COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN,
BARNES AND DOES ONLY)**

8    92. Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint

9    (above and below) as though fully set forth herein.

10    93.    Defendants COUNTY, CFMG and WELLPATH had inadequate training/supervision, or

11    no training/supervision at all, at the JAIL to assure that employees/agents provided proper

12    medical care to prisoners, like Plaintiff, and to assure that employees/agents protect prisoners,

13    like Plaintiff, from harm.

14    94.    COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN and BARNES were aware,

15    or should have been aware, that employees/agents were not adequately trained/supervised to: (1)

16    provide timely access to and delivery of medical care to prisoners when needed and requested;

17    and (2) transport sick individuals to approved facilities for treatment and assessment when

18    necessary.

19    95.    BARNES is, and at all relevant times was, the Sheriff for the COUNTY and the

20    COUNTY official with final policy/decision-making authority with respect to the provision of

21    medical care at the JAIL and training/supervision of employees/agents at the JAIL.  FITHIAN is,

22    and at all relevant times was, the President/Medical Director of CFMG and the CFMG official

23    charged with final policy/decision-making authority, in conjunction with BARNES and

24    COUNTY, regarding the provision of medical/mental health care at the JAIL and

25    training/supervision of employees/agents at the JAIL.  PANGBURN is, and at all relevant times

26    was the Chief Clinical Director of WELLPATH and an official charged with final

27    policy/decision-making authority, in conjunction with FITHIAN, BARNES and COUNTY,

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-22-

1  regarding the provision of medical care at the JAIL and training/supervision of employees/agents

2  at the JAIL.

3     96.   By reason of the actions and inactions of defendants, as detailed above, defendants

4  violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to,

5  Plaintiff's Eighth Amendment right to Constitutionally adequate medical care while at the JAIL

6  and Plaintiff's Constitutional right to be protected from unnecessary pain/suffering/harm while at

7  the JAIL.

8     97.   CFMG and FITHIAN have a history of failing to provide even minimally adequate

9  medical/mental health care to prisoners at not just the JAIL but also at jails/facilities around the

10  State of California where CFMG is the jail medical provider.  This has resulted in numerous civil

11  rights lawsuits against CFMG and FITHIAN.  CFMG and FITHIAN's substandard and

12  Constitutionally deplorable care is provided, at least in part, due to the fact that CFMG charges a

13  flat rate for medical care at the JAIL (per prisoner, per day) which incentivizes FITHIAN and

14  CFMG to provide the most minimal care possible at the JAIL so as to maximize profit for

15  FITHIAN and CFMG.

16     98.   As a direct and proximate result of the above-described training/supervision Plaintiff's

17  serious, but treatable, medical condition went untreated.  This caused Plaintiff to suffer cruel and

18  unusual punishment, and both physical pain and mental anguish, in violation of his Eighth

19  Amendment rights and, ultimately, resulted in severe and permanent injury to Plaintiff.

20  Defendants, including DOES, knew that the policies, customs, and/or practices were inadequate

21  but, despite this, Defendants were deliberately indifferent to the serious risk posed by same.

22  Accordingly, Defendants, in doing the above-described actions/inactions, were deliberately

23  indifferent to Plaintiff's serious medical needs.

24     99.   Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable

25  attorneys' fees and costs on this cause of action.

26     100.  Each defendant, including DOES, acted intentionally, recklessly, and/or with callous

27  indifference to Plaintiff's serious medical needs, and to Plaintiff's Constitutional rights.  As such,

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

defendants should be assessed punitive damages on this cause of action.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6)
### (AGAINST ALL DEFENDANTS, INCLUDING DOES)

101.  Plaintiff realleges and incorporates by reference all paragraphs in this Complaint (above and below) as though fully set forth herein

102.  Pursuant to California Government Code § 845.6 Defendants, including DOES, had a duty to monitor, check, and respond to Plaintiff's medical needs while he was at the JAIL. Further, defendants had a duty to summon needed medical care for Plaintiff, and to protect him from harm, at the JAIL.

103.  Defendants, and each of them, knew, or had reason to know, Plaintiff was in need of higher level medical care for a lengthy period of time, as described above in this Complaint. Despite this knowledge Defendants, including DOES, and each of them, failed to take reasonable action to summon medical care for Plaintiff.

104.  As a direct and proximate result of defendants' actions and inactions at the JAIL, Plaintiff suffered severe and permanent injuries.  As such Plaintiff is entitled to recover damages in an amount according to proof at trial and as allowed by law.

## EIGHTH CAUSE OF ACTION
### PROFESSIONAL NEGLIGENCE RESULTING IN PERSONAL INJURY
### (AGAINST COUNTY, CFMG, WELLPATH, FITHIAN, PANGBURN, BROWN, MCGUIRE, ROGERS, AND DOES ONLY)

105.  Plaintiff realleges and incorporates by reference herein all of the allegations above and below as though they are fully set forth herein.

106.  Defendants, and each of them, owed a duty to Plaintiff in their care and treatment of Plaintiff.

107.  Defendants, and each of them, breached the applicable medical and professional standards of care owed to Plaintiff in the care and treatment he received.

108.  As a direct and proximate result of the actions and inactions of Defendants, and each of them, including but not limited to those actions and inactions listed above, Plaintiff has suffered

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-24-

**COMPLAINT FOR DAMAGES**

1   serious and permanent injuries in an amount according to proof at trial.

2      WHEREFORE, Plaintiff prays for relief as follows:

3        1.    For general damages according to proof on the appropriate causes of action;

4        2.    For special damages according to proof on the appropriate causes of action;

5        3.    For pecuniary damages according to proof on the appropriate causes of action;

6        4.    For punitive damages according to proof against the appropriate defendants on the

7   appropriate causes of action;

8        5.    For treble damages according to proof against the appropriate defendants on the

9   appropriate causes of action;

10       6.    For costs of suit;

11       7.    For prejudgment interest;

12       8.    For attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205,

13   Civil Code 52 and otherwise against the appropriate defendants on the appropriate causes

14   of action.

17   DATED:  February 13, 2020        ABBEY, WEITZENBERG, WARREN & EMERY

18                      By:   */s/ Michael D. Green*

19                          Michael D. Green

                             Brian G. Lance

20                         Attorneys for Plaintiffs

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**